# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| STERLING CANNON AND HEATHER CANNON, )<br>)<br>) <br>Plaintiffs, )<br>)<br>v. )<br>)<br>FOAMONE, L.L.C., )<br>)<br>Defendant. )<br>)<br>) | CIVIL ACTION FILE<br><br>NO. _____ |

## **NOTICE OF REMOVAL**

Defendant FoamOne, L.L.C. ("FoamOne" or "Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of the removal of the civil action known as *Sterling Cannon and Heather Cannon v. FoamOne, L.L.C.*, Case No. SU-19-CV-643 (the "Superior Court Action"), from the Superior Court of Muscogee County to the United States District Court for the Middle District of Georgia, Columbus Division, and in support thereof, states as follows:

# BACKGROUND

1.

Plaintiffs Sterling Cannon and Heather Cannon ("Plaintiffs") filed the Superior Court Action on March 11, 2019. A copy of Plaintiffs' Complaint along with all Superior Court filings now appearing of record are attached hereto as <u>Exhibit A</u>.

2.

Defendant was served with the summons and a copy of the Complaint on April 29, 2019. This Notice of Removal is filed within 30 days after receipt through service of the Complaint setting forth the claims for relief upon which this action is based and, therefore, it is timely within the provisions of 28 U.S.C. §1446(b).

# GROUNDS FOR REMOVAL
# <u>DIVERSITY JURISDICTION</u>

3.

Plaintiffs are citizens of the state of Georgia. (Complaint, ¶ 1).

4.

FoamOne is an Alabama limited liability company with its principal place of business in Alabama. (Complaint, ¶ 2). At all relevant times, the sole member of FoamOne has been Dale Looney, a resident of the state of Alabama.

5.

Complete diversity of citizenship exists between the parties.

6.

Removal is also appropriate because the amount in controversy exceeds $75,000.00.

7.

Plaintiffs do not assert a specific value for its claims on the face of the Complaint. In such situations, removal is still proper if it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citing 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.14[2][g], at 107–86.4 to 107–86.5 (3d ed. 2010)) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-

sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.").

8.

Plaintiffs assert in the Complaint that the house at issue cannot be repaired, and must be demolished and rebuilt. Thus, Plaintiffs are seeking the "full value of their home", in addition to other damages. Public records indicate that Plaintiffs' home was purchased in 2015 for $477,000.00. *See* Exhibit B. Muscogee County also assigned Plaintiffs' home with a fair market value of $375,160.00 as of January 1, 2018. *See* Exhibit B.

9.

Based on these facts, a reasonable reading of the Complaint confirms that the value of damages sought by Plaintiffs exceeds the $75,000.00 jurisdictional threshold.

11.

Venue for removal of this action to this Court is proper because it is the district court of the United States for the district and division in which the state civil action being removed is pending within the meaning of 28 U.S.C. § 1441 and § 1446(a).

12.

A copy of the Notice of Removal will be contemporaneously filed with the Superior Court of Muscogee County, Georgia. A copy of the Notice of Filing of Notice of Removal with Muscogee County Superior Court which omits the exhibits thereto is attached as <u>Exhibit C</u>.

WHEREFORE, Defendant respectfully requests that the entire action referred to hereinabove proceed in the United States District Court for the Middle District of Georgia, Columbus Division, and that no further proceeding be held in said case in the Superior Court of Muscogee County, Georgia.

This 23rd day of May, 2019.

                                            */s/ Holly A. Hempel*
                                            Holly A. Hempel
                                            Georgia Bar No. 345070
                                            Jessica R. Watson
                                            Georgia Bar No. 760076

                                            *Counsel for Defendant*

NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
holly.hempel@nelsonmullins.com
jessica.watson@nelsonmullins.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **DEFENDANT'S NOTICE OF REMOVAL** by U.S. Mail and by filing a copy of the same on the CM/ECF system:

Peter H. Strott
Melissa S. Dillon
Mark Husted
Strott & Dillon LLC
Five Concourse Pkwy
Ste. 2600
Atlanta, GA 30328

*Counsel for Plaintiffs*

This 23rd day of May, 2019.

/s/ *Holly A. Hempel*
Holly A. Hempel
Georgia Bar No. 345070
Jessica R. Watson
Georgia Bar No. 760076

*Counsel for Defendant*

NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
holly.hempel@nelsonmullins.com
jessica.watson@nelsonmullins.com